# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:20-cr-00063-MR-WCM

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| **WILLIAM MICHAEL MCCALL,** ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court upon the Defendant's letter [Doc. 3], which the Court construes as a motion for the early termination of supervised release.

On August 20, 2009, the Defendant was convicted in the Eastern District of Tennessee of one count of conspiracy to possess with intent to distribute more than 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(A), and one count of possession with intent to distribute more than 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). [Doc. 1-2: Judgment]. He was sentenced to a total term of 210 months' imprisonment to be followed by five years of supervised release. [Id.]. The Defendant's term of supervision commenced

on April 17, 2020. On July 24, 2020, jurisdiction was transferred to this District. [Doc. 1]. The Defendant now moves the Court to exercise its discretion and terminate his term of supervised release pursuant to 18 U.S.C. § 3583(e)(1). [Doc. 3]. For grounds, the Defendant states that he has obeyed all of the rules of supervised release and has incurred no infractions. He further states that he needs to apply for his contractor's license through the North Carolina Licensing Board for General Contractors but cannot do so while he is on supervised release. [Id.].

In order to terminate a defendant's term of supervised release, the Court must be "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Upon consultation with the Defendant's supervising probation officer, the Court is not satisfied that termination is warranted under the circumstances. In February 2021, the Defendant attempted to deceive his probation officer when providing a urine sample in that he denied using marijuana prior to submitting the sample, but later admitted to using after being informed that the sample had tested positive. Additionally, while the Defendant maintains that he needs to be finished with supervised release in order to apply for his contractor's license, he has informed his probation officer that his ability to

generate income through his self-employment is unhampered by his current term of supervised release.

For these reasons, the Court declines to exercise its discretion to terminate the Defendant's term of supervised release at this time.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Terminate Defendant's Remaining Supervised Release Term [Doc. 3] is **DENIED**. The Defendant's term of supervised release shall continue as originally sentenced.

The Clerk is directed to serve a copy of this Order on the Defendant, counsel for the Government, and the United States Probation Office.

**IT IS SO ORDERED.**

Signed: August 7, 2023

Martin Reidinger
Chief United States District Judge